UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Janice Smith, individually and on behalf of all others similarly situated;<br><br>        Plaintiff,<br><br><br><br>-v.-<br>Portfolio Recovery Associates, LLC,<br>and John Does 1-25.<br><br>        Defendant(s). | C.A. No.: |

**CLASS ACTION COMPLAINT DEMAND FOR JURY TRIAL**

Plaintiff Janice Smith (hereinafter, "Plaintiff"), individually and on behalf of a class of all others similarly situated, brings this Class Action Complaint by and through her attorneys, against Defendant Portfolio Recovery Associates, LLC (hereinafter "PRA") pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id*. Congress concluded that "existing laws…[we]re

1

inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws ·were inadequate~ id § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Maryland consumers under§ 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7. Plaintiff is a resident of the State of Maryland, County of Baltimore City, 2026 Hillenwood Road, Baltimore, MD 21239.

8. Defendant PRA is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and resides at 7 St. Paul Street, Suite 820, Baltimore, MD 21202 and may be served process at CSC-Lawyers Incorporating Service Company 7 St. Paul Street, Suite 820, Baltimore MD 21202.

9. Upon information and belief, Defendant PRA is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:
    a. all individuals with addresses in the State of Maryland;
    b. to whom Defendant sent documentation in support of the collection of a consumer debt;
    c. for which the supporting documentation contained an inconsistent balance with that being collecting currently;
    d. and no explanation was offered as to the discrepancy;
    e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Classes are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms such as the case at hand violate 15 U.S.C. §§ l692e.

16. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § l692e.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff

Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21. Some time prior to June 6, 2019, an obligation was allegedly incurred to Comenity Capital Bank.

22. The Comenity Capital Bank obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes, specifically a Children's Place credit card used to purchase personal and family items.

23. The alleged Comenity Bank obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

24. Comenity Bank is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

25. Defendant PRA, a debt collector and the subsequent owner of the Comenity Bank debt, is collecting the alleged debt.

26. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

27. Ona date better known to the Defendant, the Plaintiff disputed this debt and demanded evidence of this obligation.

28. Defendant mailed Plaintiff a letter dated June 6, 2019 which included credit card statements purportedly relating to the Plaintiff's account, in order to establish the validity of this debt.

29. The documents attached did NOT validate the alleged due amount of $738.64, but show an amount due of $791.40 as well as $736.28.

30. Defendant did not provide an explanation for this discrepancy, and left the Plaintiff unsure if this is documentation for the proper account, and more importantly if she were to the balance of $738.64, would her account be actually paid in full.

31. Additionally, Defendant's final billing statement included interest charges of $17.12 and a late fee of $38.00, yet the validation letter contained no mention of continuing interest charges, late fees or a decision to cease collecting in interest.

32. The Defendant is required to include a disclosure that interest and or fees/other charges were accruing, or in the alternative, the creditor and or Defendant has made the decision to waive the accruing interest and or fees/other charges.

33. If interest and fees will continue to accrue during the collection process, the collection letter must explicitly state so accordingly.

> A reasonable consumer could read the notice and be misled into believing that she could pay her debt in full by paying the amount listed on the notice. In fact, however, if interest is accruing daily, or if there are undisclosed late fees, a consumer who pays the "current balance" stated on the notice will not know whether the debt has been paid in full. The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.
>
> ***Because the statement of an amount due, without notice that the amount is already increasing due to accruing interest or other charges, can mislead the least sophisticated***

*consumer into believing that payment of the amount stated will clear her account, we hold that the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees.* We think that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as plaintiffs who may hold the reasonable but mistaken belief that timely payment will satisfy their debts. (Emphasis Added)

Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 76, 2016 U.S. App. LEXIS 5327, *6-7 (2d Cir. N.Y. 2016)

34. The letter fails to conclusively state that interest, fees and costs are continuously accruing or have ceased to accrue.

35. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

36. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

37. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

38. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

39. Defendant violated §1692e:

   a. By providing "evidence" of the balance owed that contradicts the amount being collected by the Defendant.

  b. The Defendant is required to include a disclosure that interest and or fees/other charges were accruing, or in the alternative, the creditor and or Defendant has made the decision to waive the accruing interest and or fees/other charges.

  c. By virtue of omitting the require disclosure, Defendant has engaged in activity that is deceptive and would confuse and mislead the least sophisticated consumer.

40. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

41. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Janice Smith, individually and on behalf of all others similarly situated, demands judgment from Defendants PRA as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, Aryeh E. Stein, Esq., as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6.      Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: November 20, 2019                                Respectfully Submitted,

**Meridian Law, LLC**

/s/ Aryeh E. Stein
**Meridian Law, LLC**
By:  Aryeh E. Stein, #24559
600 Reisterstown Road
Suite 700
Baltimore, MD 21208
Phone: 443-326-6011
Fax: 410-653-9061